151 N.J. Super. 68 (1977)
376 A.2d 562
GERALDINE WILLIAMS, PLAINTIFF-APPELLANT,
v.
AETNA CASUALTY & SURETY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 7, 1977.
Decided June 22, 1977.
*69 Before Judges HALPERN, ALLCORN and BOTTER.
Jerrold D. Goldstein argued the cause for the appellant (Goldstein & Toto, attorneys).
Wayne J. Positan argued the cause for the respondent (Lum, Biunno & Tompkins, attorneys).
PER CURIAM.
The single issue in this appeal is whether, under the completed operations coverage of the policy issued by defendant to its assured, defendant was liable for an injury suffered after termination of the policy period, which arose as a result of work performed and completed during the policy period.
*70 The pertinent policy provisions with which we are concerned are as follows:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies caused by an occurrence. * * *

* * * * * * * *
"completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the named insured.

* * * * * * * *
"occurrence" means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

* * * * * * * *
This insurance applies only to bodily injury or property damage which occurs during the policy period within the policy territory.
Quite clearly, liability under the completed operations coverage is restricted to bodily injury or property damage arising out of an "accident [occurring] during the policy period."
The cited language of the policy is plain and unambiguous; it requires no construction to ascertain its meaning. Deodato v. Hartford Ins. Co., 143 N.J. Super. 396 (Law Div. 1976). Cf. Muller Fuel Oil Co. v. Ins. Co. of No. Amer., 95 N.J. Super. 564, 578 (App. Div. 1967); Yarrington v. Camarota, 138 N.J. Super. 398, 401 (App. Div. 1971), aff'd 60 N.J. 169 (1972). The insurance covers only against injuries or damage which occur during the term of the policy arising from operations of the assured which were completed at any time before or during the policy period. In the light of the foregoing, plaintiff's injuries not having occurred during the policy period, no liability therefor attaches to the defendant.
Accordingly, the judgment of the Law Division is affirmed.